UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY GLEASON,

    Plaintiff,

v.

R. NEUSCHMID, et al.,

    Defendants.

No. 2:18-cv-0135 MCE CKD P

ORDER

Plaintiff is a state prisoner proceeding without counsel. On April 24, 2018, plaintiff's complaint was dismissed with leave to amend. Plaintiff filed his amended complaint on July 16, 2018 and is now before the court for screening.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

---

[1] The court notes from review of the docket that since plaintiff filed his amended complaint, plaintiff has filed 5 requests for status and / or requests that the court take action. Plaintiff is informed that the court has a heavy caseload and the court's screening of plaintiff's amended complaint within four months is not atypical.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that the amended complaint fails to state a claim upon which relief can be granted. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint will be dismissed and plaintiff will be given a final opportunity to state a claim upon which he may proceed in a second amended complaint.

1       As to the contents of his second amended complaint, plaintiff should review the court's
2 April 24, 2018 screening order concerning plaintiff's original complaint. Most importantly,
3 plaintiff cannot simply assert a defendant has violated one of plaintiff's Constitutional rights.
4 Plaintiff must 1) describe the alleged violations with facts including the who, what, where, and
5 when of the violations, and 2) describe the alleged injuries resulting from a defendant's conduct.
6 For example, in order to state a claim for violation of the Eighth Amendment, plaintiff must point
7 to facts indicating that a particular defendant subjected plaintiff to conduct which, under the law,
8 amounts to cruel and unusual punishment, and that plaintiff actually suffered an injury from the
9 defendant's conduct.

10       Also, plaintiff appears to attempt to state claims arising under California law. Plaintiff is
11 informed that the court may have jurisdiction to hear claims arising under California law if
12 plaintiff states a qualifying claim under federal law (see 28 U.S.C §1367). Further, in order to
13 state a claim under California law, plaintiff must comply with the terms of the California Tort
14 Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub.
15 Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts
16 demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista
17 Unified School Dist., 42 Cal.4th 201, 209 (2007).

18       Finally, plaintiff is informed again that the court cannot refer to a prior pleading in order
19 to make plaintiff's second amended complaint complete. Local Rule 220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading. This is because,
21 as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay,
22 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original
23 pleading no longer serves any function in the case. Therefore, in a second amended complaint, as
24 in an original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.

26       In accordance with the above, IT IS HEREBY ORDERED that:
27       1. Plaintiff's amended complaint is dismissed; and
28       2. Plaintiff is granted thirty days from the date of service of this order to file a second

amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 20, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] glea0135.14(2)

4